UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, | : |
| Plaintiff, | : Case _____ |
| vs. | : |
| K.E. JACKSON L.L.C., | : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff American Zurich Insurance Company ("Zurich"), as its Complaint against Defendant K.E. Jackson L.L.C. ("Jackson"), alleges:

### NATURE OF THE ACTION

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et. seq.*, to determine the parties' rights and obligations under a contract of builder's risk property insurance identified below, in connection with claims for building damages.  Zurich seeks a declaration that it may rescind the policy in question based on material misrepresentation of facts by Jackson to Zurich in the application for insurance and that it is not obligated to pay for the damages claimed by Jackson under that  policy.

### THE PARTIES

2.      Zurich is a corporation organized under the law of the State of Illinois and maintains its principal place of business in Illinois.

3.      Jackson is a limited liability corporation formed under the law of the state of Rhode Island and maintains its principal place of business in Rhode Island.

1

## JURISDICTION AND VENUE

4.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a)(1), in that Zurich and Jackson are citizens of different states and the amount in controversy exceeds $75,000.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, in that Jackson resides in and/or is otherwise subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

6.      In 2012, Jackson took assignment of a mortgage on property located at 232 Alabama Avenue, Providence, Rhode Island ("the property") from Northeast Small Investment Corporation.

7.      The property on Alabama Avenue was at all time relevant to this complaint owned by Jose M. and Maria N. Estrela.

8.      In March 2014, Jackson still held the mortgage on the property.

9.      In March 2014, the property on Alabama Avenue was uninsured.

10.     On March 26, 2014, a fire damaged the property on Alabama Avenue. Jackson estimates that the March 26 fire caused over $30,000 of damage to the property.

11.     Following the fire, Jackson contacted Zurich to obtain insurance for the uninsured and fire damaged property on Alabama Avenue.

12.     On March 26, 2014, Keshonn Jackson, the principal of K.E. Jackson L.L.C., contacted Wanda Merritt of InsuranceLink to apply for the builders risk policy.

13.     Generally, subject to its terms, a builder's risk policy insures a building during the course of construction or remodeling by the owner or contractor. A builder's risk policy

generally does not insure personal property and is not a homeowner's policy, a mortgagee policy or a lender's forced place type of policy.

14. On March 26, 2014, Jackson provided to Ms. Merritt answers to all of the questions on the application for the Zurich policy. These answers included statements that:

  a. Jackson was the owner of the property on Alabama Avenue and was a contractor who was going to do renovations at the property;

  b. Jackson had at least two years of experience as a contractor;

  c. Jackson had built or remodeled 1-2 structures in the past twelve months;

  d. The structure was built in 1960;

  e. Neither Jackson nor the structure at the property had any single loss over $10,000 in the prior three years;

  f. There had been no previous losses at this location as a result of quake, flood, wind fire or vandalism;

  g. Renovations would begin within 60 days;

  h. The work to be performed was paint, drywall, windows, doors and siding;

  i. The property had been purchased by Jackson on March 26, 2014; and

  j. The property was in good condition.

15. On March 26, 2014, Jackson did not disclose to Ms. Merritt that:

  a. There had been a fire at the property that day;

  b. Jackson held a mortgage on the property; and

  c. As a mortgagee, Jackson had no right to commence any renovations at the property until it had commenced and completed a foreclosure to take title to the property.

16. Thereafter, Ms. Merritt emailed a copy of the draft application to Jackson for Jackson to review and verify the information in the application for accuracy, including the project details. Ms. Merritt also forwarded a premium quote for the policy. A copy of Ms. Merritt's memo to Jackson is attached as Exhibit A.

17. In her March 26, 2014 cover memo, Ms. Merritt also requested that after reviewing the application and making any appropriate corrections, that Jackson initial each page of the application, sign the last page of the completed application, and return the completed application to her either by email or fax. Ms. Merritt advised that this was necessary before coverage could be issued for Jackson's project.

18. Jackson did review the application and made certain corrections to the information recorded by Ms. Merritt on the application. A copy of the corrected and signed application provided by Jackson is attached as Exhibit B.

19. While Jackson made some corrections to the application he signed, he did not correct the misrepresentations in the application, including but not limited to misrepresentations that:

    a. Jackson was the owner of the property on Alabama Avenue and was a contractor who was going to do renovations at the property;

    b. Jackson had at least two years of experience as a contractor;

    c. Jackson had built or remodeled 1-2 structures in the past twelve months;

    d. The structure was built in 1960;

    e. Neither Jackson nor the structure at the property had any single loss over $10,000 in the prior three years;

    f. There had been no previous losses at this location as a result of quake, flood, wind fire or vandalism;

    g. Renovations would begin within 60 days;

    h. The work to be performed was paint, drywall, windows, doors and siding;

    i. The property had been purchased by Jackson on March 26, 2014; and

    j. The property was in good condition.

20. Jackson also did not correct the application to disclose that:

    a. There had been a fire at the property on March 26, 2014;

    b. Jackson held a mortgage on the property; and

    c. As a mortgagee, Jackson had no right to commence any renovations at the property until it had commenced and completed a foreclosure to take title to the property.

21. Following receipt of the signed application and payment of the premium in the amount of $1,490.00, Zurich issued to Jackson a builders risk policy, policy number ER 06478889, with effective dates from March 26, 2014 to March 26, 2015. A true and accurate copy of the builder's risk policy issued to Jackson is attached as Exhibit C.

22. On May 21, 2014, a second fire occurred at the Alabama Avenue property.

23. Jackson has submitted to Zurich a claim for damages from the May 21, 2014 fire in excess of the policy limits of $150,000.00.

### COUNT ONE – Declaratory Judgment (Rescission)

24. Zurich hereby incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. The statements made by Jackson in the signed application were untrue and were material to Zurich's decision to issue the policy to Jackson.

26. The facts concealed by Jackson in the application were also material to Zurich's decision to issue the policy to Jackson.

27. Had Jackson disclosed the true information about his interest in the property, his status as mortgagee and the circumstances and extent of the March 26, 2014 fire, Zurich would not have issued the builders risk policy to Jackson.

28. Because the answers in the signed application were untrue and were material to Zurich's decision to issue the policy, Zurich is entitled to rescind the policy issued to Jackson.

29. Zurich has returned to Jackson the premiums paid on the policy. A copy of the endorsed check in the amount of $1,490.00 representing the returned premium to Jackson is attached as Exhibit D.

### COUNT TWO – Declaratory Judgment (Coverage for May Fire loss Claim)

30. Zurich hereby incorporates paragraphs 1 through 29 above as if fully set forth herein.

31. The policy states:

> This Coverage Part is void in any case of fraud, intentional concealment or misrepresentation of a material fact by you or any other insured, at any time, concerning:
>
> 1. This Coverage Part;
>
> 2. The Covered Property;
>
> 3. Your interest in the Covered Property; or
>
> 4. A claim under this Coverage Part.

32. Jackson misrepresented or concealed material facts relating to the insurance, the Covered Property and its interest in the Covered Property, including but not limited to the following:

   a. There had been a fire at the property on March 26, 2014;

   b. Its interest in the property was not as the owner of the property and a contractor who was going to do renovations at the property, but as a mortgagee;

   c. As a mortgagee, it had no right to commence any renovations at the property until it had commenced and completed a foreclosure to take title to the property.

   d. It was not a contractor with at least two years of experience as a contractor;

   e. It had not built or remodeled 1-2 structures in the past twelve months;

   f. Neither Jackson nor the structure at the property had any single loss over $10,000 in the prior three years;

   g. There had been no previous losses at this location as a result of quake, flood, wind fire or vandalism;

   h. Renovations would begin within 60 days;

   i. The work to be performed was paint, drywall, windows, doors and siding;

   j. The property had been purchased by Jackson on March 26, 2014;

33. Because of the misrepresentations and intentional concealment of material facts, Zurich denied the claim and is entitled to a declaratory judgment that is has no duty to pay for the losses claimed by Jackson from the May 2014 fire at the property.

WHEREFORE, Zurich respectfully requests that the Court enter judgment in its favor and against Jackson:

(a) Declaring that Zurich may rescind the policy issued to Jackson;

(b) Declaring that Zurich is not obligated to pay Jackson for any losses claimed as resulting from the May 2014 fire at the premises; and

(c) Awarding Zurich such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 13, 2015

/ Daniel F. Sullivan/
Daniel F. Sullivan (#8169)
Robinson & Cole LLP
One Financial Plaza, Suite 1430
Providence, RI 02903
Email: dsullivan@rc.com
Telephone: (401) 709-3300
Fax: (401) 709-3399

Attorney for American Zurich Insurance Company